IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RICKEY LEE CAMPBELL,       ) | |
|        ) | |
|       Petitioner,    ) | |
|        ) | |
|       v.           ) | CIV 06-1390 PHX SRB MEA |
|        ) | |
| DORA B. SCHRIRO, ARIZONA    ) | REPORT AND RECOMMENDATION |
| ATTORNEY GENERAL,       ) | |
|        ) | |
|       Respondents.   ) | |
| _____ ) | |

TO THE HONORABLE SUSAN R. BOLTON:

Mr. Rickey Campbell ("Petitioner"), is presently incarcerated by Respondents in Florence, Arizona. On May 15, 2006, Mr. Campbell filed a *pro se* Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Docket No. 14) on December 1, 2006, asserting that the petition should be denied as not timely filed. On or about December 18, 2006, Petitioner filed a traverse to the answer.

I. **Procedural History**

In 1981, Petitioner was convicted of burglary and was incarcerated for four years. Answer, Exh. E. In 1992, after a jury trial, Petitioner was convicted of five counts of sexual abuse and child molestation of his daughter, a girl under the

age of fourteen.  See id., Ex. B.

The victim testified at the trial and was cross-examined by Petitioner's counsel.  See id., Exh. B.  At the close of the prosecution's case, Petitioner's counsel moved for a directed verdict on all charges, which motion was denied.  See id., Exh. B.  Several witnesses testified for the defense, however, Petitioner did not testify, which decision by Petitioner was placed on the record by Petitioner's counsel. Id., Exh. B.  The jury deliberated for approximately four hours prior to issuing a verdict.  Id., Exh. B.[1]

Prior to sentencing, the Arizona court referred Petitioner to a psychologist for an evaluation pursuant to Rule 16.5, Arizona Rules of Criminal procedure.  Id., Exh. E. Petitioner appeared to the psychologist to be "worried and anxious," although he also appeared "neat and clean."  Id., Exh. E.  Petitioner reported he had graduated from high school and studied electronics at a state college.  Id., Exh. E. Petitioner reported a doctor had examined him prior to trial and

---

[1] Petitioner was charged in Count I with an act occurring "during the Fall months of 1988," in Count II and Count III with acts occurring between "December, 1988 and January, 1989," and in Count IV and Count V with acts occurring between February and March of 1991. See Answer, Exh. A.  A warrant for Petitioner's arrest on the charges was issued in September of 1991.  Id.  Petitioner's then-wife, the child's step-mother, was the person who instigated the criminal investigation.  Id., Exh. E at 2.  At Petitioner's trial, this witness admitted she had written a letter retracting her allegation she had seen Petitioner abuse his daughter.  Id., Exh. E at 4.  Petitioner's counsel also elicited trial statements from this witness regarding inconsistencies in her statements and inconsistencies between her statements and those of the victim.  Id., Exh. E at 5.  Petitioner's counsel introduced testimony Petitioner's wife was untruthful and that she had told other individuals she and the victim were not telling the truth.  Id., Exh. E at 8.

presented the "most damaging testimony possible" at his trial. Id., Exh. E.   At that time, Petitioner was taking Haldol (prescribed to treat schizophrenia), Lithoid (lithium), and Tegretol (used for treating seizures).   Id., Exh. E.   The psychologist reported Petitioner's "style was dramatic and at times his orations were reminiscent of an evangelistic minister. He appears to be very religious and believes he has experienced contacts with the divine congregation."   Id., Exh. E.   The psychologist opined Petitioner had not experienced brain damage. Id., Exh. E.

The psychologist diagnosed Petitioner as suffering from bipolar disorder and assessed Petitioner as having a Global Assessment of Functioning (GAF)[2] of 30, noting serious impairment of judgment, and delusions.   Id., Exh. E.[3]   In a presentence

---

[2]   The GAF is one of the five axes of the diagnostic system described in the Diagnostic and Statistical Manual of Mental Disorders (4th edition), the "DSM-IV", and considers psychological, social, and occupational functioning.   A GAF score is a subjective determination which represents "the clinician's judgment of the individual's overall level of functioning."   DSM-IV at 30.

[3]
> In the opinion of the current examiner, Ricky Lee Campbell is currently suffering from an active psychosis with delusions.   It is thought that he was suffering from this psychosis at the time of the offenses.   However, although he was significantly impaired in his capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law, he was not so impaired as to constitute a defense to prosecution.
> It is felt that Defendant is rehabilitable in a psychiatric facility where he will receive both medications and psychotherapy....

Answer, Exh. E.

report, the author noted Petitioner was "quite sure that his presence in [the 1990 Arizona governor's race] made it necessary for the run-off election." Id., Exh. E.   Petitioner denied having committed the alleged acts of molestation to both the psychologist and the presentence author.

Petitioner's counsel sought a new trial, alleging juror misconduct. Id., Exh. C.  The Arizona Superior Court conducted a hearing and heard witnesses regarding the alleged juror misconduct. Id., Exh. C.   The Superior Court concluded there was no misconduct by the jurors and denied Petitioner's motion for a new trial. Id., Exh. C.   The trial court then conducted a mitigation hearing regarding Petitioner's sentencing. Id., Exh. C.   On July 21, 1992, Petitioner was sentenced to the presumptive terms of imprisonment for each conviction, i.e., three terms of 10 years, one term of seventeen years, and one term of twenty years, the sentences to be served consecutively. Id., Exh. C & Exh. D.

Petitioner filed a timely appeal of his convictions and sentences and also filed a counseled petition for post-conviction relief asserting ineffective assistance of trial counsel for counsel's failure to seek an examination of Petitioner pursuant to Rule 11, Arizona Rules of Criminal Procedure.  Id., Exh. E[4] & Exh. G & Exh. H ("if properly

---

[4] Petitioner asserted the evidence was insufficient to sustain his conviction; the trial court erred by admitting opinions regarding the victim's truthfulness; his sentences were excessive; his consecutive sentences in Count IV and Count V violated his right to be free of double jeopardy; the trial court erred by granting the government's untimely motion to be allowed to impeach Petitioner with

-4-

presented this evidence could have swayed the jurors to acquit the Appellant because of insanity.... a new trial is requested in order to afford the Appellant the opportunity to establish his mental competency to stand trial and his ability to appreciate right from wrong at the time of the offenses."). Petitioner presented evidence he had been admitted to a medical facility in 1991 for a period of 16 days and had been diagnosed at that time as suffering from bipolar disorder, with possible explosive and impulse control disorders.  Id., Exh. K at 2.

        At Petitioner's request, the Arizona Court of Appeals stayed Petitioner's direct appeal pending the outcome of his action for post-conviction relief.  Id., Exh. I & Exh. J. Petitioner amended his action for post-conviction relief to assert he had been incompetent to stand trial.  Id., Exh. L & Exh. M.  The Arizona Superior Court conducted a competency hearing on November 10, 1994, during which hearing Petitioner appeared and was represented by counsel.  Id., Exh. N.  After testimony was heard, the hearing was continued and further testimony taken on November 18, 1994.  Id., Exh. N. Petitioner's trial counsel testified at the hearing.  Id., Exh. N.

        In a decision issued April 5, 1995, the Arizona Superior Court denied Petitioner's claim for post-conviction relief, based on the allegation he was incompetent to stand trial, and also denied relief on Petitioner's claim his counsel

_____

a prior conviction; his counsel was ineffective because he failed "to conduct a pretrial competency examination."

was ineffective for failing to request a Rule 11 hearing.  _Id._, Exh. O.  The court concluded, as a matter of fact, Petitioner's counsel had discussed Rule 11 procedures with his associates, and that counsel believed Petitioner was competent to stand trial when Petitioner received his medication.  _Id._, Exh. O.

The court also noted trial counsel did not consider insanity a viable defense to the 1991 molestation charges because Petitioner claimed he had not committed the alleged acts.  _Id._, Exh. O.  The court further noted counsel had requested a Rule 26.5 examination after hearing the victim's stepmother testify at trial Petitioner had referred to himself as the "Messiah" at the time of the crimes.  _id._, Exh. O.  The Superior Court noted the opinions of two physicians, offered at the post-conviction hearing, regarding Petitioner's competency.  _Id._, Exh. O.  The physicians opined Petitioner was incompetent to stand trial in September 1993, but further opined they could not speculate as to whether Petitioner was incompetent to stand trial on the molestation charges in 1992.  _Id._, Exh. O.

The Arizona Superior Court concluded Petitioner's counsel was not ineffective for failing to seek a hearing regarding Petitioner's competency pursuant to Rule 11, Arizona Rules of Criminal Procedure.  _Id._, Exh. M & Exh. O.  Petitioner sought review of the Superior Court's decision denying post-conviction relief by the Arizona Court of Appeals.  _Id._, Exh. P.

The Arizona Court of Appeals consolidated Petitioner's stayed direct appeal with its review of the Superior Court's denial of post-conviction relief.  _Id._, Exh. Q.  In a memorandum

-6-

decision filed January 25, 1996, addressing the merits of each of Petitioner's claims for relief, the Arizona Court of Appeals affirmed Petitioner's convictions and affirmed the Superior Court's decision denying post-conviction relief.  Id., Exh. S. The Arizona Supreme Court denied review of the Court of Appeals' decision on June 21, 1996.  Id., Exh. U.

Petitioner initiated a second action for post-conviction relief in the Arizona Superior Court in 2003.  Id., Exh. W.  In a decision issued on October 6, 2003, the Arizona Superior Court found the claims were precluded as waived by Petitioner's failure to raise the claims either in his direct appeal or in his first action for state post-conviction relief. Id., Exh. Z.  Petitioner filed a third petition for post-conviction relief in 2004.  Id., Exh. AA.  The Arizona Superior Court again concluded the claims were precluded as waived by Petitioner's failure to raise the claims either in his direct appeal or in his first action for state post-conviction relief. Id., Exh. AA.

Petitioner filed his federal habeas action on May 15, 2006, asserting he is entitled to habeas relief because he did not have a hearing to determine his competency to stand trial. Broadly construed, Petitioner also alleges his counsel was ineffective, and that the charges against him were improperly "stacked."

Respondents contend the petition for federal habeas relief was not timely filed.  Petitioner responds his petition was not timely filed because he has been incarcerated in a

1  mental health unit of the prison and medicated against his will.

2      **II.  <u>Analysis</u>**

3          The Petition for Writ of Habeas Corpus is barred by the

4  applicable statute of limitations, 28 U.S.C. § 2244(d), the

5  statute of limitations provision of the Antiterrorism and

6  Effective Death Penalty Act ("AEDPA").

7          Petitioner is a state prisoner whose conviction became

8  final on approximately September 19, 1996, when the time for

9  petitioning the United States Supreme Court for review of the

10 Arizona state courts' decisions in his direct appeal of his

11 conviction and sentence expired.  See <u>Bowen v. Roe</u>, 188 F.3d

12 1157, 1158-59 (9th Cir. 1999).  Accordingly, Petitioner's state

13 conviction became final after April 24, 1996, the effective date

14 of the AEDPA.  See Pub. L. No. 104-132, 110 Stat. 1214.

15         The AEDPA imposed a one-year statute of limitations on

16 state prisoners seeking federal habeas relief from their state

17 convictions.  See <u>Lott v. Mueller</u>, 304 F.3d 918, 920 (9th Cir.

18 2002).  However, the AEDPA also entitled a petitioner to tolling

19 of the statute of limitations during the pendency of a "properly

20 filed application for state post-conviction or other collateral

21 review with respect to the pertinent judgment or claim."  28

22 U.S.C. § 2244(d)(2) (1994 & Supp. 2006); <u>Artuz v. Bennet</u>, 531

23 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000).

24             Section 2244(d)(2) provides for tolling
              during the time a "properly filed" state
25            court petition is pending.  "Properly filed"
              means the petition's "delivery and acceptance
26            are in compliance with the applicable laws
              and rules governing filings" in that state.
27            In <u>Pace v. DiGuglielmo</u>, the United States

28                                 -8-

1
2
3

> Supreme Court held that "[w]hen a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)."

Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005).

4
5
6
7
8

Petitioner's conviction became final on September 19, 1996, when the time expired for seeking certiorari regarding his convictions and sentences.  Cf. Wixom v. Washington, 264 F.3d 894, 897-98 (9th Cir. 2001); Bowen, 188 F.3d at 1158-59.[5]

9
10
11
12
13
14

Petitioner did not seek any form of relief from his convictions and sentences from September 19, 1996, through September 20, 1997, when the one-year statute of limitations on his federal habeas action expired.  Petitioner did not have any action for post-conviction relief pending in a state court from 1996 until 2003, when Petitioner filed his second action for

15
16
17
18
19
20
21
22
23
24
25
26
27

---

[5] Several United States Circuit Courts of Appeal, and one published opinion issued by the United States District Court for the District of Arizona, have concluded that the relevant statute of limitations begins to run on a federal habeas action when a petitioner stands convicted by a state court *and* the time for seeking certiorari by the United States Supreme Court expires, regardless of whether or not the petitioner actually sought certiorari.  See Biggs v. Duncan, 339 F.3d 1045, 1047 (9th Cir. 2003); White v. Klitzkie, 281 F.3d 920, 924 (9th Cir. 2002); David v. Hall, 318 F.3d 343, 345 (1st Cir. 2003); Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002); Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2002); Smith v. Bowersox, 159 F.3d 345, 347-48 (8th Cir. 1998); Wilson v. Greene, 155 F.3d 396, 400 (4th Cir. 1998); Ross v. Artuz, 150 F.3d 97, 98 (2nd Cir. 1998); Souch v. Harkins, 21 F. Supp. 2d 1083, 1084-85 (D. Ariz. 1998); Smith v. Lord, 230 F. Supp. 2d 288, 291 (E.D.N.Y. 2002); Moore v. Hawley, 7 F. Supp. 2d 901, 903 (E.D. Mich. 1998).  See also Lambrix v. Singletary, 520 U.S. 518, 527, 117 S. Ct. 1517, 1525 (1997) (noting that the defendant's conviction became final when his time for filing a petition for a writ of certiorari expired).  Cf. Caspari v. Bohlen, 510 U.S. 383, 390, 114 S. Ct. 948, 953 (1994) ("A state conviction and sentence become final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied.").

28

post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, a period of more than six years. This action for state post-conviction relief could not and did not restart the already-expired statute of limitations for filing Petitioner's federal habeas action. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000).

Because Petitioner did not file his federal habeas action within the period specified by the AEDPA, his petition for habeas relief may only be considered if the AEDPA's time limitation may be "equitably" tolled in his case. See Allen v. Lewis, 255 F.3d 798, 800 (9th Cir. 2001). The Ninth Circuit Court of Appeals has determined that equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time. See Lott, 304 F.3d at 922; Malcom v. Payne, 281 F.3d 951, 962 (9th Cir. 2002). Additionally, equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim. See Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

To be entitled to equitable tolling, a habeas petitioner "must show that the 'extraordinary circumstances' were the but-for and proximate causes of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); Allen v. Lewis, 255 F.3d 798, 801 (9th Cir. 2001) (concluding "at the very least, the prisoner must show that the 'extraordinary

-10-

circumstances' were the but-for and proximate cause of his untimeliness").[6] It is Petitioner's burden to establish that equitable tolling is warranted in his case. <u>Gaston v. Palmer</u>, 417 F.3d 1030, 1034 (9th Cir. 2005). "'[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" <u>Miranda v. Castro</u>, 292 F.3d 1063, 1066 (9th Cir. 2002), <u>quoting</u> <u>United States v. Marcello</u>, 212 F.3d 1005, 1010 (7th Cir. 2000).

Petitioner has not established there were extraordinary circumstances beyond his control which made it impossible for him to file a timely federal habeas petition. A federal habeas petitioner seeking equitable tolling must also act with "reasonable" diligence "throughout the period he seeks to toll." <u>Warren v. Garvin</u>, 219 F.3d 111, 113 (2d Cir. 2000); <u>see also</u> <u>Jones v. Morton</u>, 195 F.3d 153, 159 (3d Cir. 1999).

In response to the assertion his habeas petition is not timely filed, Petitioner contends he has been held in a portion of the prison were he was "unable to write and was forced med and could not have paper or pen to write to fight my case and was impaired and did not have access to courts to fight my side and extraordinary circumstance, warranting I get a new trial..." However, the Court notes Petitioner was able to file two

---

[6] The Ninth Circuit Court of Appeals has not squarely addressed whether the United States Supreme Court's opinion in <u>Pace</u> "lowered" the standard for equitable tolling set in <u>Spitsyn</u>. <u>See</u> <u>Espinoza-Matthews v. California</u>, 432 F.3d 1021, 1026 n.5 (9th Cir. 2005). <u>See also</u> <u>Astorga v. Terhune</u>, 130 Fed. App. 181, 183 (9th Cir. 2005); <u>Boudette v. Schriro</u>, 2006 WL 664364, at *3 (D. Ariz.).

separate *pro se* civil rights suits in the United States District Court, in 2003 and 2004, and that Petitioner was apparently located in two separate portions of the Arizona Department of Corrections facilities in 2003 and 2004, where he was apparently able to possess writing materials and sufficient help to initiate and proceed with these two claims.   See Campbell v. Stewart, Docket No. 03 CV 1516, and Campbell v. Weare, Docket No. 04 CV 2752.   Additionally, Petitioner was able pursue an appeal of the decision in one of these civil rights cases. Petitioner was also able to file two actions for post-conviction relief in the Arizona state courts in 2003 and 2004.

A petitioner's *pro se* status, ignorance of the law, lack of representation during the applicable filing period, and temporary mental incapacity do not constitute extraordinary circumstances justifying equitable tolling.   See, e.g., Fisher v. Johnson, 174 F.3d 710, 714-16 (5th Cir. 1999); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) (holding that petitioner's misunderstanding of state's "rules, statutes, and the time period set forth therein do not justify equitable tolling").   Additionally, at least one other federal court has concluded "the difficulties attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents do not by themselves qualify as extraordinary circumstances" warranting equitable tolling.   Corrigan v. Barbery, 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005).

A state habeas petitioner's demonstrated and extended mental incompetence may warrant the equitable tolling of the AEDPA's statute of limitations.  However, Petitioner provides no evidence his mental illness prevented him from timely filing his habeas petition or diligently pursuing post-conviction relief until the date he actually filed his petition; any such claim is belied by the evidence Petitioner filed and prosecuted two section 1983 claims and two actions for state post-conviction relief in 2003 and 2004.  Compare Laws v. Lamarque, 351 F.3d 919, 924-25 (9th Cir. 2003) (concluding the district court erred by not holding an evidentiary hearing regarding equitable tolling where ongoing, if not consecutive, periods of mental incompetency were demonstrated by the petitioner); Nara v. Frank, 264 F.3d 310, 319-20 (3d Cir. 2001), overruled in part on other grounds by Carey v. Saffold, 536 U.S. 214 (2002).  See also Woodburn v. Stewart, 154 Fed. App. 643, 645 (9th Cir. 2005) (concluding a habeas petitioner is entitled to a remand for further factual development of his claim of equitable tolling due to mental incompetence whenever the petitioner alleges "in a sworn pleading, against which the state has offered no evidence at all, that he was incompetent in the years when his petitions should have been filed," quoting Laws, 351 F.3d at 923).

Petitioner's traverse to the answer is not sworn nor dated.  Petitioner offers no sworn pleading alleging he was mentally incompetent throughout the entire period he seeks to equitably toll, from 1996 through 2006.  Petitioner does not

-13-

state why he failed to file a federal habeas action instead of successive state petitions for post-conviction relief and federal civil rights claims challenging the conditions of his confinement, which he filed in 2003 and 2004.  Additionally, Petitioner allowed more than six years to pass, from 1996 through 2003, without pursuing any avenue of federal, or state, habeas relief and, therefore, the Court concludes that Petitioner did not act with the requisite reasonable diligence which would warrant equitable tolling of the statute of limitations and a finding that his federal petition is timely filed.

### III Conclusion

Petitioner's petition for a writ of habeas corpus is barred by the statute of limitations applicable to it pursuant to the AEDPA.  Petitioner has not shown that the circumstances of his case warrant application of equitable tolling so that this Court may address the merits of his petition for a writ of habeas corpus.

**IT IS THEREFORE RECOMMENDED** that Mr. Campbell's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

-14-

1

2          Pursuant to Rule 72(b), Federal Rules of Civil

3  Procedure, the parties shall have ten (10) days from the date of

4  service of a copy of this recommendation within which to file

5  specific written objections with the Court.   Thereafter, the

6  parties have ten (10) days within which to file a response to

7  the objections.   Failure to timely file objections to any

8  factual or legal determinations of the Magistrate Judge will be

9  considered a waiver of a party's right to de novo appellate

10  consideration of the issues.  See United States v. Reyna-Tapia,

11  328 F.3d 1114, 1121 (9th Cir.) (en banc), cert. denied, 540 U.S.

12  900 (2003).  Failure to timely file objections to any factual or

13  legal determinations of the Magistrate Judge will constitute a

14  waiver of a party's right to appellate review of the findings of

15  fact and conclusions of law in an order or judgment entered

16  pursuant to the recommendation of the Magistrate Judge.

17          DATED this 22nd day of December, 2006.

18

19

20  _____

21                    Mark E. Aspey
              United States Magistrate Judge

22

23

24

25

26

27

28                                -15-