**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rickey Lee Campbell,<br><br>    Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>    Respondents. | No. CV06-1390-PHX-SRB<br><br>**ORDER** |

    Petitioner was convicted in state court in 1992 after a jury trial. He filed a timely appeal and also filed a Petition for Post-Conviction Relief. At his request his appeal was stayed pending the outcome of his Petition for Post-Conviction Relief. When that petition was denied, the Court of Appeals reviewed his direct appeal as well as his request for review of the denial of his petition. On January 25, 1996 the Court of Appeals issued its decision denying post-conviction relief and affirming his conviction. The Arizona Supreme Court denied review on June 21, 1996.

    This Petition for Writ of Habeas Corpus was filed May 16, 2006. Petitioner claims he is entitled to habeas relief because he did not have a hearing to determine his competency to stand trial, his counsel was ineffective, and the charges against him were improperly "stacked." Respondents answered on December 1, 2006, urging that his petition was untimely because it was filed long after the expiration of the one-year limitations period set

1 out in 28 U.S.C. § 2244(d)(1). Petitioner filed a traverse entitled "Answer to Respondents
2 Writ of Habeas Corpus" urging that the one-year limitation period should not be enforced
3 against him based on his contention that he was unable to file his petition because he was
4 forcibly medicated and because he had no access to paper and pens, excusing the
5 untimeliness of his filing.

6 On December 27, 2006, the Magistrate Judge issued his Report and Recommendation
7 finding that Petitioner's petition was barred by the statute of limitations and that Petitioner
8 had not shown that the circumstances of his case warrant application of equitable tolling.
9 The Magistrate Judge recommended that the petition be denied and dismissed with prejudice.
10 On Petitioner's claim that he was entitled to equitable tolling, the Magistrate Judge noted that
11 while Petitioner asserted that he had been unable to file his petition alleging that he did not
12 have paper or pen to write to fight his case, the state court record reflected that Petitioner
13 filed a second and third state post-conviction relief petition in 2003 and 2004 respectively.
14 The Magistrate Judge also noted that the records of this court disclose that Petitioner filed
15 two separate pro se civil rights suits in 2003 and 2004 and has pursued an appeal in at least
16 one of these cases. Petitioner offered no explanation as to why he was unable to file a federal
17 habeas action but could file successive state petitions and federal civil rights claims in both
18 2003 and 2004.

19 Petitioner filed his objection to the Report and Recommendation on January 4, 2007.
20 In that objection he did not attempt to explain any of the unanswered questions raised about
21 his claimed inability to file his habeas petition in view of his ability to file two successive
22 state court petitions and two civil rights complaints three and two years prior to the filing of
23 the present habeas petition. Instead, Petitioner's objection states that he is appalled at the
24 state's objection to his pursuit of his petition and suggests that there is no time limit for the
25 exercise of his constitutional rights.

26 The Court agrees with the Report and Recommendation of the Magistrate Judge in this
27 case. The Court similarly concludes upon a review of the record that Petitioner has not
28 shown that the circumstances of his case warrant application of equitable tolling and that this

1 Court is precluded from addressing the merits of his petition which was filed long after the
2 expiration of the statute of limitations.

3     IT IS ORDERED overruling Petitioner's objection to the Report and Recommendation
4 of the Magistrate Judge.

5     IT IS FURTHER ORDERED adopting the Report and Recommendation of the
6 Magistrate Judge as the order of this Court. (doc. 16).

7     IT IS FURTHER ORDERED that Petitioner's Petition for Writ of Habeas Corpus is
8 denied and dismissed with prejudice.

10     DATED this 12th day of February, 2007.

_____
Susan R. Bolton
United States District Judge